UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TONY CLARK-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-1218 |
| EAST PEORIA POLICE DEPARTMENT and UNITED STATES MARSHALS SERVICE, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER & OPINION

This matter is before the Court on motion by Defendant United States Marshals Service ("USMS") to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). Plaintiff has not responded to the Motion; instead, he filed a Motion for Entry of Default. (Doc. 11). This matter is ripe for review. For the following reasons, Defendant's Motion to Dismiss is granted, and Plaintiff's Motion for Entry of Default is denied.

### BACKGROUND

Plaintiff Tony Clark-Bey brings the instant lawsuit pro se against Defendants East Peoria Police Department and USMS. (Doc. 1). According to Plaintiff, his civil rights were violated when he was arrested without probable cause after Defendants "conspired together," and because he was held without being charged with a crime. (Doc. 1 at 5). More specifically, he alleges that he was arrested on September 17, 2023, by two East Peoria police officers and was subsequently held at the Peoria County

Jail for four months in violation of his Fourteenth and Thirteenth Amendment rights. (Doc. 1 at 6). As a result, Plaintiff lost his job, and alleges that he was starved and forced to take cold showers. (Doc. 1 at 6). He seeks $3,000,000 in compensatory damages. (Doc. 1 at 7).

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "a short and plain statement" of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true "and 'draw[ing] all reasonable inferences from those facts in favor of the plaintiff.'" *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016)). Those statements which are legal conclusions rather than factual allegations are not taken as true but are disregarded at this stage. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Filings by pro se plaintiffs are liberally construed and "must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

Using a pre-printed form, Plaintiff brings this lawsuit under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. (Doc. 1 at 1). In his own handwriting, Plaintiff invokes 28 U.S.C. § 2241 as a jurisdictional basis to his claims. (Doc. 1 at 1). However, to the extent Plaintiff seeks to challenge his pretrial detention through a writ of habeas corpus, those claims are denied. To properly file such writ, Plaintiff must bring suit against the warden of the facility in which he was confined and establish proper exhaustion of his claims. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over [the petitioner]." (quotation omitted)). He has not done either here. The Court will address both pending Motions in turn.

### I. Defendant's Motion to Dismiss

Defendant USMS moves to dismiss all the claims against it with prejudice, arguing that it is not a proper party for this type of lawsuit. (Doc. 8 at 4). Even if it was properly sued, USMS contends that the allegations fail to state a claim for relief. (Doc. 8 at 5).

Plaintiff is suing a federal agency as a defendant. "It is axiomatic that the United States as sovereign cannot be sued without its consent." *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002) (citation omitted). "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit."

3

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). Any waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "To maintain an action against the United States in federal court, a plaintiff must identify . . . a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (citation omitted). Here, the Complaint fails to identify any basis for a waiver of sovereign immunity, and Plaintiff did not file a response to the Motion to otherwise provide one. This is enough to warrant dismissal. *See Hatter v. Williams*, No. 17-CV-2141, 2018 WL 11257867, at *2 (C.D. Ill. Apr. 2, 2018) (dismissing the claim and writing "[h]aving failed to plead any waiver of sovereign immunity in his amended complaint and having failed to argue in his response that any such waiver occurred, Plaintiff cannot meet his burden of identifying a waiver of sovereign immunity"). Because the person bringing suit bears the burden of showing that the government has waived immunity, and Plaintiff has not done so here, the claims are dismissed. *See Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981).

The only conceivable basis for Plaintiff's claims is under the Federal Tort Claims Act ("FTCA"). Even if the Court were to construe the allegations as brought pursuant to this statute, he would still face dismissal. Under the FTCA, "a governmental agency cannot be sued in its own name; the action must be brought against the United States." *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). USMS is correct that it is not a proper party to this lawsuit. The Court grants the Motion (doc. 8); all claims against USMS are dismissed with prejudice.

In the interest of judicial economy, the Court *sua sponte* dismisses the Complaint in its entirety. *See* Fed. R. Civ. P. 1 (explaining the goal of the Federal Rules as securing "the just, speedy, and inexpensive determination of every action and proceeding"). The other defendant, East Peoria Police Department, is wrongly named. Court records establish that Plaintiff was arrested twice—the first time by the City of Peoria Police Department on September 17, 2023, and the second time by USMS on January 24, 2024, pursuant to a valid arrest warrant issued by United States Magistrate Judge Eric Long.[1] (*See* doc. 10; *United States v. Clark*, No. 03-20057, Dkt. 163 (C.D. Ill. January 24, 2024)). From the sparse facts alleged by Plaintiff, the Court does not see how the East Peoria Police Department is involved in this matter, and an officer informed Plaintiff of his mistake when he attempted to effectuate service. (*See* doc. 5 at 1). Plaintiff made no effort to correct his error; the East Peoria Police Department is therefore dismissed from this matter. The Complaint is dismissed in its entirety as no defendant remains a party to the lawsuit.

Plaintiff is not prohibited from filing an amended pleading naming the correct defendant. However, he must remember that the Court must be able to plausibly infer that he has a right to relief—the threadbare allegations included in his

---

[1] Courts may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *see also Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008) (taking judicial notice of public record without converting the instant motion into a motion for summary judgment). Thus, the facts readily ascertainable from public court record are properly judicially noticed.

Complaint are not sufficient to state a claim. *See Twombly*, 550 U.S. at 555. Additionally, abstention principles prohibit this Court from interfering with an ongoing state proceeding. Federal courts are to "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (quoting *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir.1998)). If Plaintiff's criminal matter continues, this Court will likely abstain from hearing any claim against the arresting officers at this time. *See Younger v. Harris*, 401 U.S. 37, 54 (1971).

## II. Plaintiff's Motion for Entry of Default

For purposes of efficiency, the Court will address Plaintiff's recently filed Motion for Entry of Default against Defendants East Peoria Police Department and USMS. (Doc. 11). This Motion is denied as East Peoria Police Department was not properly served, and USMS has timely filed a responsive motion—meaning an entry of default against either party is improper.

Federal Rule of Civil Procedure 4 sets forth the procedural requirements for proper service of process. Under this rule, a nonparty must serve the summons and complaint. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Here, Plaintiff himself attempted to effectuate service on Defendant East Peoria Police Department. (Doc. 5 at 1). This is a clear violation of the Federal Rules and means that East Peoria Police Department

was not properly served. *See Izaguirre v. Crown Energy Servs., Inc.*, 19 C 1454, 2019 WL 3302212, at *2 (N.D. Ill. July 24, 2019) (finding plaintiff's attempted service on corporate defendant improper in part because he personally hand-delivered the complaint and summons on the defendant).

Plaintiff asks this Court to enter default against East Peoria Police Department pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 11). However, because "service is a prerequisite to the court's jurisdiction," default cannot be entered against a party who has not been properly served. *Kolcu v. Verizon Commc'ns, Inc.*, Case No. 23-CV-849, 2023 WL 7219881, at *1 (E.D. Wis. Nov. 2, 2023). "Before the district court may default a defendant, the plaintiff must prove service." *Golub v. United States*, 593 F. App'x 546, 548–49 (7th Cir. 2014) (citing Fed. R. Civ. P. 4(l)); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (observing that default judgment rendered without personal jurisdiction is void). Plaintiff has not met his burden of establishing proper service on Defendant East Peoria Police Department; the Court denies this Motion.

If Plaintiff attempts to move for an entry of default as to USMS, then he is mistaken. USMS has appeared and timely filed a responsive motion in this matter. (*See* doc. 8). An entry of default would be improper. *See* Fed. R. Civ. P. 55(a) ("When a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff's Motion (doc. 11) is denied in its entirety.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant United States Marshals Service's Motion to Dismiss (doc. 8) is GRANTED. All claims against USMS are dismissed with prejudice. Plaintiff's Motion for Entry of Default (doc. 11) is DENIED. The Court *sua sponte* dismisses Plaintiff's Complaint (doc. 1) for the reasons outlined herein. Any amended pleading shall be filed within twenty-one (21) days of the date of this Order.

SO ORDERED.

Entered this 17th day of October 2024.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge